IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| In re Bausch & Lomb Inc. Contacts Lens Solution Products Liability Litigation | ) ) ) ) | MDL No. 1785 |
| *This order relates to:* | ) ) ) ) | C/A No. 2:06-MN-77777-DCN |
| Case No. 2:09-cv-722-DCN | ) ) ) | **ORDER** |

This matter is currently before the court on Bausch & Lomb's motion for summary judgment on all claims and causes of action asserted against it by plaintiff Anita Andrews, individually and on behalf of Brandon Andrews, a minor. Plaintiff is a non-*Fusarium* plaintiff who was not included in Bausch & Lomb's original motion for summary judgment. In addition to filing a response in opposition to the summary judgment motion, plaintiff has filed a motion to remand her case to the United States District Court for the Southern District of Texas.

In its February 17, 2010 order granting summary judgment in favor of Bausch & Lomb as to nearly all non-*Fusarium* plaintiffs, the court noted that such plaintiffs would be required to prove that Bausch and Lomb's ReNu with MoistureLoc caused the eye infections they experienced. Summary Judgment Order, at 3, Dkt. No. 243, No. 2:06-MN-77777-DCN (D.S.C. Feb. 17, 2010). As the court observed, causation can be divided into general causation and specific causation, with proof of general causation being a prerequisite to proving specific causation. Id. at 3-4. Because the court had previously excluded the testimony of Dr. Elisabeth Cohen, plaintiffs' only general

causation expert, the court ruled that most non-*Fusarium* plaintiffs' claims could not survive and granted Bausch & Lomb's summary judgment motion as to those non-*Fusarium* plaintiffs. Id. at 4-5. The court has thoroughly reviewed Bausch & Lomb's written submission on the current motion, as well as the substantive law controlling plaintiff's causes of action. The court sees no distinguishing factors in this case that would lead to a different result here than the court reached in its February 17, 2010 order.

In her response to the summary judgment motion, plaintiff states that Brandon Andrews suffered a severe bacterial keratitis infection, requiring bilateral corneal transplants. According to plaintiff, Brandon continues to suffer from impaired vision and painful complications. The court is sympathetic to Brandon's situation, but the fact that his infection was bacterial is fatal to his claims against Bausch & Lomb. Plaintiff argues that Brandon's treating physician, Dr. Mark C. Vital, said that the bacterial keratitis was caused by the use of MoistureLoc. Plaintiff submits only her statement that Dr. Vital allegedly reached this conclusion; she has not submitted, through affidavit or otherwise, any evidence supporting this contention. Plaintiff offers nothing more than the possibility that evidence of general causation will exist at some future date. The court rejected this very argument in its February 17, 2010 order:

> Plaintiff Hobbs submitted an individual response to defendant's motion, in which he argued (in total), "As the Court well knows, epidemiological studies, results and conclusions evolve over time. It is possible that a provable link to non-fusarium infections will be established in the future. Accordingly, any dismissal of this action should be without prejudice." Plaintiff Hobbs' speculation about future links between MoistureLoc and non-*Fusarium* infections is not sufficient to survive a motion for summary judgment ripe for ruling today.

Summary Judgment Order, at 7, Dkt. No. 243, No. 2:06-MN-77777-DCN (D.S.C. Feb.

17, 2010). And, even if plaintiff had offered some evidence in support of her contention regarding Dr. Vital, summary judgment would still be appropriate because the court already decided the issue of general causation when it rejected Dr. Cohen's testimony.

Accordingly, for these reasons and the reasons stated in its February 17, 2010 order, the court **GRANTS** Bausch & Lomb's motion for summary judgment on all claims and causes of action asserted against it by plaintiff. Because the court grants Bausch & Lomb's summary judgment motion, plaintiff's motion to remand is **MOOT**.

    **AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**September 30, 2010
Charleston, South Carolina**